JAMES McDONALD and another *v.* CANNON, WADSWORTH & CO.

*Action for conversion of property—Jurisdiction.*

1. Where, in an action for damages in the sum of $125, for the conversion of certain cotton, the complaint alleged that plaintiffs sold to defendants two bales of cotton at a certain price per pound on the terms that the price was to be paid down and no title to pass until the price was paid, and the defendants, on getting possession of the cotton, refused to pay the price; *Held*, that the superior court had jurisdiction.

2. In such case the plaintiffs might have affirmed the contract and sued for the price agreed to be paid (less than $200) and then a justice of the peace would have had jurisdiction of the action.

(*Bullinger* v. *Marshall*, 70 N. C., 550; *Frœlich* v. *Express Co.*, 67 N. C., 1; *Wilson* v. *White*, 80 N. C., 280, cited and approved.)

CIVIL ACTION tried upon complaint and demurrer at

Spring Term, 1878, of CABARRUS Superior Court, before *Cox, J.*

The plaintiffs allege a contract of sale to defendants of two bales of cotton, at ten and a half cents for one, and ten and sixty-five-one-hundredths cents for the other, on the terms that the price was to be paid down and no title to pass until payment made, and the cotton was passed into the defendants' possession on the condition aforesaid. That immediately on the transfer of the cotton into the hands of the defendants, the plaintiffs demanded payment of the purchase money, and it being refused, they demanded a return of the cotton, and that being also refused, this action was brought.

It is charged in the complaint that the assent of defendants to the sale on the said terms was not in good faith, but was a trick or device merely to get the cotton into their possession, and then to refuse to pay for or return the same. The relief demanded is for one hundred and twenty-five dollars damages for the conversion of the cotton.

To the complaint the defendants demur and assign for cause: 1. That the superior court has not jurisdiction of the subject of the action as the same is based on a contract for a sum less than two hundred dollars. 2. For that J. W. Wadsworth, a member of the firm of Cannon, Wadsworth & Co., is not made a party to the action. 3. For that the complaint does not state facts sufficient to constitute a cause of action.

Upon the argument of the demurrer His Honor, being of opinion that the superior court had not jurisdiction, sustained the demurrer, dismissed the action, and plaintiffs appealed.

*Mr. W. J. Montgomery,* for plaintiffs.
*Messrs. Wilson & Son* and *Shipp & Bailey,* for defendants.

DILLARD, J.   The jurisdiction of the action was in the superior court unless by the constitution and laws of the state exclusive jurisdiction had been given to a justice of the peace.   By the constitution of 1868, jurisdiction was given to justices of the peace of all civil actions founded on contract wherein the sum demanded did not exceed two hundred dollars, and wherein the title to real estate did not come in controversy, and by the amended constitution the jurisdiction in civil actions is retained, just as it was, with power in the general assembly to extend it to other civil actions, wherein the value of the property in controversy does not exceed fifty dollars.   Art. 4, § 33 of constitution of 1868, and Art. 4, § 27, of amended constitution.

Under the authority thus given to enlarge the jurisdiction of justices' courts, the legislature, by the act of 1876-'77, ch. 251, § 1, gave to them concurrent jurisdiction of civil actions not founded on contract wherein the value of the property shall not exceed fifty dollars, and no jurisdiction when the value is above fifty dollars.   This action demands damages for a wrongful conversion of two bales of cotton of the goods and chattels of the plaintiffs to the sum of one hundred and twenty-five dollars, and above the actual value of fifty dollars, ascertainable by a computation on the number of pounds and the rate per pound stated in the complaint at which the incomplete sale was made to the defendants.   Upon the facts stated in the complaint, the action, under our former system of procedure, would have been an action of trover, and been classed among the actions arising *ex delicto*, and of it a justice of the peace would have had no jurisdiction whatever under the constitution of 1868, and has not now, inasmuch as the value of the property, for the conversion of which the suit is brought, on the facts stated and admitted by the demurrer, is above fifty dollars.   *Bullinger* v. *Marshall*, 70 N. C., 520 . *Frœlich* v. *Express Co.*, 67 N. C., 1.

Here, there was no sale passing the title to the cotton. Upon the subject of sales passing the title Chancellor Kent states the rule to be that if the possession is given to the vendee upon the expectation and agreement to be paid for simultaneously with the delivery, and the vendee omits or refuses to pay for them on getting the possession, in such case the delivery is merely conditional and the non-payment is regarded as an act of fraud entering into the original agreement, which renders the contract void and authorizes the seller instantly to reclaim the goods. 2 Kent, 497. And to the same effect the law is stated in Benjamin on Sales, 342; 1 Parson on Contr., 537; Story on Sales, 457 (a) and 440; *Wilson* v. *White*, 80 N. C., 280.

In our case the contract of sale was expressly on the understanding to be paid for immediately, and no title to pass until payment of the purchase money, and so the plaintiffs had the option to disaffirm the contract on the ground of fraud, or to hold that payment of the money was a condition precedent, and on either footing they were entitled to sue for and recover the cotton in specie in an action of detinue, or recover damages for the conversion in an action which would be under our old system an action of trover.

The plaintiffs, under the authorities above cited, might have affirmed the contract and sued for the price agreed to be paid, and if they had elected so to do, the justice of the peace would have had jurisdiction, as the value of the cotton was less than two hundred dollars. But no title having passed, as we have seen, because of fraud vitiating the contract, or because of the failure of the vendee to perform the condition precedent, and the value of the cotton being above fifty dollars, the action brought for conversion was within the jurisdiction of the superior court, and could not have been maintained in the justice's court.

We hold therefore that His Honor erred in sustaining

the demurrer for want of jurisdiction and in dismissing the plaintiffs' action.

Judgment of the court below is reversed, and this will be certified to the end that further proceedings may be had in the action according to law.

Error.                                      Reversed.