DAVIS EDWARDS v. G. V. COWPER.

*Jurisdiction of Justices of the Peace—Pleading—Statute— Constitution—Waiver of Tort.*

1. Whenever it appears upon the trial of a civil action in a Justice's Court, or upon the hearing of any appeal therefrom, that the title to real estate is in controversy, the action must be dismissed for want of jurisdiction, notwithstanding that defence may not have been made in writing, as required by the statute—*The Code,* § 836.

2. When the action is based upon the tortious act of the defendant, and the damages are ascertained to be greater than fifty dollars; or where the right to recover involves a question of title, the question of jurisdiction is determined, and the plaintiff cannot avoid it by waiving the tort, and declaring for the value of the property alleged to have been converted.

This was a CIVIL ACTION, tried upon an appeal from a Justice's Court, before *Avery, J.,* at Spring Term, 1887, of HERTFORD Superior Court.

The plaintiff offered testimony tending to show that the defendant, without authority, had cut, removed and sold a number of trees from lands claimed by him.

The defendant offered testimony tending to show that the trees were not on lands belonging to plaintiff, and denied orally his title to the *locus.* It appeared that the lands of

plaintiff and defendant adjoined, and there was a controversy as to the location of the dividing line.

There were no written pleadings. The plaintiff had declared *ore tenus* that he waived the tort and declared for money received to his use. The defendant at close of testimony moved the Court to dismiss the action for want of jurisdiction in the Justice of the Peace, on the ground that under § 29, Article 4, of the Constitution, Justices of the Peace are prohibited from trying actions involving the title of land, and that prohibition cannot be avoided on account of a failure by defendant to plead the jurisdiction in the Justice's Court.

The plaintiff insisted, first, that the tort had been waived and he had sued on contract. Secondly, that the defendant could only have availed himself of the objection that the title of the land was in controversy, by putting his objection in writing.

There was a verdict in favor of the plaintiff, assessing his damages at $54, and finding that defendant sold the trees for $60.75. After verdict, on motion of the defendant's counsel, the Court held that the action should be dismissed for want of jurisdiction, and gave judgment accordingly.

The plaintiff had also moved the Court for judgment in his favor, in accordance with the verdict, for the amount received by the defendant for the lumber, and for costs. The motion was refused. The plaintiff excepted to the refusal of the Court to grant his motion and also to the judgment rendered, and appealed.

*Mr. E. C. Smith,* for the plaintiff.
No counsel for the defendant

SMITH, C. J. Justices of the Peace shall have exclusive jurisdiction of all civil actions founded on contract except: 1, wherein the sum demanded, exclusive of interest, exceeds

two hundred dollars; and 2, wherein the title to real estate is in controversy.

The General Assembly may give to Justices of the Peace jurisdiction of other civil actions wherein the value of the property in controversy does not exceed fifty dollars. Cons., Art. IV, § 27.

This power has been exercised, and it has been enacted that such Justices shall have concurrent jurisdiction with the Superior Court, " of civil actions not founded on contract wherein the value of the property in controversy does not exceed fifty dollars." *The Code,* § 887.

The statute further provides that the defendant, when sued in a Justice's Court, may set up in defence any matter showing that the title to real estate will come in question, and this must be in the form of a written answer, signed by himself or his attorney, and delivered to the Justice. § 836. If it appears on the trial that the title to real estate is in controversy, " the Justice shall dismiss the action " at the plaintiff's cost. § 837.

If the latter section, in connection with that preceding, be construed to require the defence to be made in writing, and the action only to be dismissed when this is done, and the Justice to proceed with the trial when the prerequisite is not observed, even when at the hearing it appears that such title must be proved in order to a recovery, it would seem to be an assertion and exercise of a jurisdiction expressly denied by the Constitution.

Indeed, the last section expressly declares, that when at the trial it appears that the title to real estate is drawn in controversy the action shall be dismissed, and if, on appeal, the defect of jurisdiction is apparent to the Court, even after the empanelling of the jury, the Judge must do what the Justice is required to do, refuse to proceed, and dismiss the action. *Parker* v. *Allen,* 84 N. C., 466; *Foster* v. *Penry,* 77 N. C., 160.

These propositions relate, however, to jurisdiction over contracts, and here the action is for a trespass in cutting timber upon lands alleged to belong to the plaintiff and converting them to the defendant's use, an action essentially in tort, and where the value of them is in excess of the constitutional limit of fifty dollars—the damages claimed and ascertained in the verdict being sixty dollars and seventy-five cents.

The jurisdiction is attempted to be supported upon the ground of a waiver of the trespass, and as a ratification of the defendant's agency in selling the trees, a claim to the moneys for which they were sold. If the wrongful act was a trespass upon personal property, the owner may waive the tort and sue for money received to his use; and the value of the trees when felled may be the measure of the plaintiff's damages, when the action is for an injury to the plaintiff's land; but this is a rule appertaining to the form of the action under the old practice, and cannot have the effect of conferring a jurisdiction not given over the subject-matter of the claim. The discrimination is made in the Constitution, and when the action originates in a tortious act, the jurisdiction is determined. The defendant, unauthorized, cut, removed and sold growing trees claimed by the plaintiff to be on his land and within his boundaries. This the defendant disputes, and the result of the suit involved an inquiry into title, the committing of the trespass on the plaintiff's side of the dividing boundary line; and the damages are stated in the warrant issued by the Justice to be and so found to be, both in his Court and by the jury in the Superior Court, above the maximum allowed for torts under the statute authorized by, and in pursuance of, the constitutional amendment of 1875.

We are of opinion that the jurisdiction did not exist, and there was no error in the dismissal of the action.

. Affirmed.