THE SCOTTISH CAROLINA TIMBER AND LAND COMPANY
v. SAMUEL BROOKS.

*Tort—Conversion—Waiver—Action for Money Received.*

The defendant took into his possession timber logs of plaintiff, sold some and converted others into lumber, which he also sold: *Held*, the plaintiff might waive the tort and maintain an action to recover the money realized from the sale by defendant.

CIVIL ACTION, commenced before a Justice of the Peace and tried at March Term, 1891, of BUNCOMBE Superior Court, *Brown, J.*, presiding.

The plaintiff brought this action in the court of a Justice of the Peace to recover $200, money realized by the defendant for certain timber logs of the plaintiff, which, it is alleged, he took, used and sold, etc. The pleadings raised issues of fact. On the trial the evidence, more or less conflicting, tended to prove that the defendant got, used and sold divers logs of the plaintiff; sold some of them and sold the lumber of others, and realized therefor a sum of money greater than $50, etc.

The following issues were agreed upon :

"*First.* Is the defendant indebted to the plaintiff for the proceeds of certain lumber sold by the defendant to the Asheville L. &. M. Co.?

*Second.* If so, in what sum ?"

At the close of the testimony and argument upon the law, the Court intimated its rulings as follows:

"*First.* That if the logs had been found by the defendant drifted upon his land, and had been taken by him in good faith and converted into lumber and sold, mixed with lumber and weather-boarding of his own, the plaintiff could recover only the value of the timber at the place where taken, to-wit, on the river bank.

*Second.* That the evidence was not sufficiently definite to designate what part of the proceeds of the sale of the lumber and weather-boarding sold by the defendant was derived from the timber of the plaintiff.

*Fifth.* That the plaintiff, having waived a tort and sued for money had and received to its use, upon the entire evidence it was not entitled to recover in this action, and the jury would be instructed to respond to the issues in the negative "

Upon the announcement by the Court of its rulings, plaintiff's counsel, in deference thereto, entered a nonsuit, excepted and appealed.

*Mr. C. A. Moore*, for plaintiff.
*Mr. W. W. Jones*, for defendant.

MERRIMON, C. J.—after stating the case: It appears from the record sufficiently that the plaintiff did not sue for a tort or the conversion of the logs mentioned in the pleadings; he waived the tort, as he might do, and "sues to recover the proceeds of the sale of certain logs," which the plaintiff alleged belonged to it, and which the defendant took, used and sold, getting the money therefor, etc. The purpose of this action is to recover that sum of money.

The plaintiff having waived the tortious taking of the logs, he might sue for and recover in the court of a Justice of the Peace such sum of money as the defendant realized and received for the same if that sum did not exceed two hundred dollars. The plaintiff might ratify the sale and demand the money which the defendant got for them. *Bullinger* v. *Marshall*, 70 N. C., 520; *McDonald* v. *Cannon*, 82 N. C., 245; *Wall* v. *Williams*, 91 N. C., 477; *Edwards* v. *Cowper*, 99 N. C., 421.

The action must, therefore, be treated only as one brought to recover the money, the proceeds of the logs which the defendant received.

Although the evidence produced on the trial was conflicting and not very satisfactory, still there was evidence relevant and pertinent to go to the jury to prove that the defendant got seventeen of the plaintiff's logs, that he sawed part or all of them into boards; and to prove what quantity of lumber they made, and that the defendant got the money for them.

There were *data* in evidence from which the jury might with reasonable certainty have ascertained what sum of money the defendant received for them.

The evidence tended to prove that the defendant used the logs and got the value of them in cash. The mere fact that he sawed them into boards and received the value of them in the shape of lumber, could not destroy the fact that he got their value, as logs, in cash. As we have seen, there was evidence from which the jury might have ascertained that value. Hence, the Court erred in intimating the opinion that, in any view of the evidence, the plaintiff could not recover.

There is error. The judgment of nonsuit must be set aside and the case disposed of according to law. To that end, let this opinion be certified to the Superior Court.

Error.