H. S. BRITTAIN v. W. G. PAYNE.

*Tort— Waiver—Action on Contract—Jurisdiction of Justice—Practice.*

1. Where property is tortiously taken and sold, the owner may waive the tort and maintain an action to recover the proceeds of the sale.

2. Where, in an action before a justice of the peace, the complaint can be construed as being either for the tort or to recover the money received by the defendant, it will be construed to be an action on the implied contract.

3. Every intendment being in favor of jurisdiction, an action, brought before a justice of the peace in which the complaint can be construed as being either for the tortious taking of the property or to recover the money received by the defendant, will be construed to be an action on the implied contract so as to preserve the jurisdiction of the justice of the peace.

CIVIL ACTION, begun before a justice of the peace, and heard on appeal before *Robinson, Judge presiding,* at the Fall Term, 1895, of the Superior Court of CHEROKEE County.

The complaint was as follows :

" 1. That the plaintiff was owner of certain walnut timber in said county and state, on the lands of said defendant, sold to plaintiff by said defendant ; that the defendant sold off the said walnut timber to the amount of one hundred and sixty dollars' worth, or thereabout, and got pay for the same.

" 2. That by reason of said sale by the said defendant of the said timber, and the receipt of said sum of $160 by him for the same, he, the said defendant, is indebted to this plaintiff in the sum of $160, and interest on the same from the date of said sale, which was in the year 1893 or 1894, and which sum the said defendant in law agreed to pay to this plaintiff, but which sum he fails and refuses to pay."

Wherefore plaintiff demands the judgment of the court:

" 1. For the sum of $160 and interest on same.

" 2. For the costs of this action."

The defendant, contending that the action was *in tort,* moved the court to dismiss the action on the ground of

want of jurisdiction in the justice's court, and of the superior court on appeal to hear and try the action. The plaintiff resisted the motion, contending that the action was for money had and received; that the *tort*, if any, had been waived by plaintiff, and that the action was properly brought. His Honor, being of opinion with the defendant, gave judgment dismissing the action, and plaintiff appealed.

*Messrs. J. W. & R. L. Cooper*, for plaintiff (appellant).
*Mr. J. M. Gudger, Jr.*, for defendant.

CLARK, J.:    Where property is tortiously taken and sold, the owner may waive the *tort* and maintain an action to recover the money realized from the sale by the defendant. *Lumber Co.* v. *Brooks*, 109 N. C., 698; *Wall* v. *Williams*, 91 N. C., 477. And this is clearly what the plaintiff did by his complaint in this case. Every intendment being in favor of jurisdiction, if the complaint could have been construed as being either for the *tort* or to recover the money received by the defendant, this being an action before the justice, the Court would construe it to be an action on the implied contract in favor of the jurisdiction. *Lewis* v. *Railroad*, 95 N. C., 179; *Stokes* v. *Taylor*, 104 N. C., 394; *Fulps* v. *Mock*, 108 N. C., 601.

Error.