S. J. SCHULHOFER v. THE RICHMOND & DANVILLE RAILROAD COMPANY.

*Action in Tort or Ex Contractu—Jurisdiction of Justice of the Peace—Election of Palintiff—Practice.*

When an action, brought before a justice of the peace, can be maintained either for breach of a contract or in *tort* for negligence, and the complaint can be fairly construed as based on either form, the courts, in favor of jurisdiction, will regard the cause of action to be *ex contractu.*

This was an ACTION, begun before a justice of the peace, and carried by appeal to the Superior Court, and heard before *Robinson, J.*, at Fall Term, 1895, of HAYWOOD Superior Court, upon the complaint and demurrer as follows :

Plaintiff complains that he had shipped to him from Savannah, Ga., on December 3, 1891, three horses from Younglove & Goodman, on the defendant's line of railroad. That the defendants, the Richmond & Danville Railroad Co., carelessly and wilfully permitted the said stock to remain in an open stock car exposed to the rain and wind and cold from Sunday evening till late in the morning of Monday, without notice to the plaintiff or his agent, and that by reason of such exposure and neglect one of the plaintiff's horses took sick and died, and that the plaintiff and consignor paid the freight on said stock, amount $34.25, to defendant's agent at Waynesville, also the feed of the stock while in transit. It was defendant's contract to deliver said stock in good condition, and by reason of defendant failing to comply with the contract and, on account of the neglect, and by failing to properly care for and shelter said stock, the plaintiff has been greatly damaged, to-wit : $190.

SCHULHOFER *v.* RAILROAD.

The defendant demurred to the jurisdiction of this court, and said that, if the stock described in this action were damaged, which defendant denied, it is in the nature of a *tort* and did not arise under contract. His Honor being of opinion with the defendants, sustained the demurrer, and gave judgment dismissing plaintiff's action, to which judgment plaintiff excepted and appealed.

*Messrs. Ferguson & Ferguson,* for plaintiff (appellant.)
*Messrs. G. F. Bason* and *J. M. Moody,* for defendant.

CLARK, J. : The cause of action could be sustained either for damages for breach of the contract of safe delivery, or in *tort* for negligence. The plaintiff having brought the action before a justice of the peace " for $190, due by contract," evidently elected to sue *ex contractu.* When the action can be fairly treated as based either on contract or in *tort*, the courts, in favor of jurisdiction, will sustain the election made by the plaintiff. *Brittain* v. *Payne*, at this Term ; *Bowers* v. *Railroad*, 107 N. C., 721 ; *Stokes* v. *Taylor*, 104 N. C., 394.

The judgment dismissing the action is

Reversed.