## W. R. SAMS v. PRICE, WELCH & COMPANY.

*Practice—Trial—Change of Front—Promise to Pay the Debt of Another.*

1. A plaintiff cannot abandon his cause of action and recover upon an entirely different cause of action without amendment unless the defendant enters no objection and permits the case to be tried in the changed aspect.

2. Where the complaint in an action alleged a contract between plaintiff and defendant, it was error in the trial of the action to admit testimony of an alleged contract between the defendant and another person for the plaintiff's benefit.

3. Where, in the trial of an action the plaintiff abandons the cause of action set up in the complaint and endeavors to recover upon another, upon objection by the defendant the court should either exclude the evidence or permit an amendment of complaint and answer and, if necessary, grant defendant a continuance.

CIVIL ACTION, tried before *Timberlake, J.*, and a jury, at February Term, 1896, of MADISON Superior Court. The nature of the action and the facts connected with the trial appear in the opinion of Associate Justice CLARK. There was a verdict for the plaintiff and defendant appealed from the judgment thereon.

*Mr. J. M. Gudger, Jr.*, for plaintiff.

*Messrs. George A. Shuford* and *W. W. Zachary*, for defendants (appellants).

CLARK, J.: The complaint alleges that the defendants are indebted to the plaintiff for lumber sold in the sum of $401.54, which is denied in the answer. On the trial it was in evidence for plaintiff that other persons, not parties

SAMS *v.* PRICE.

to this action, were indebted to the plaintiff for $401.54 for advances furnished in the lumber business, and that they sold the lumber to the defendants, the plaintiff not being the owner and having no lien thereon.   There was evidence, admitted over defendant's objection, that after such purchase, the defendants promised to pay out of the purchase money this debt of the vendor to the plaintiff, but the judge having charged the jury that this, being a promise to pay a debt of another and not being in writing, it would be within the Statute of Frauds and not binding on the defendants, we need not consider it.   If there was error it was harmless to the defendants.   It was, however, further in evidence over defendant's objections that at the time of the contract of sale of the lumber to the defendants, which was in writing, they further agreed verbally (*Nissen* v. *Mining Company*, 104 N. C., 309) with the vendors to pay the latter's debt ($401.54) to the plaintiff.   And the court charged that, if the jury found this to be true, they should find the issue that the defendants were indebted to the plaintiffs $401.54.   The defendants excepted to this evidence and charge on the ground that they were not applicable to the issue raised on the pleadings, and that the plaintiff could not recover on a promise made by the defendants to another party, the plaintiff not being a party to the contract.

The interesting question whether a stranger to a contract for his benefit can maintain an action on it has been diversely decided in other jurisdictions, (3 Am. & Eng. Enc., 863 and notes,) but as stated in *Haun* v. *Burrell*, at this Term, it has not been—directly, at least—passed upon in this State.   The exception, however, that the evidence and charge did not apply to the issues raised by the pleadings is well taken.   The plaintiff sued upon a sale of lumber by him to the defendants.   If the complaint is so

worded that under the liberal procedure of *The Code* it could have been construed to be either an action on an express or implied contract, (*Stokes* v. *Taylor*, 104 N. C., 394; *Fulps* v. *Mock*, 108 N. C., 601; *Holden* v. *Warren*, 118 N. C., 326,) or either *in tort* or contract, (*Brittain* v. *Payne*, 118 N. C., 989, *Schulhofer* v. *Railroad*, 118 N. C., 1096; *Timber Company* v. *Brooks*, 109 N. C., 698; *Bowers* v. *Railroad*, 107 N. C., 394,) or as a common law action or one under the statute, (*Roberson* v. *Morgan*, 118 N. C., 991,) the Court will sustain the jurisdiction. The Court will, regardless of the prayer for relief, grant such relief as the complaint and proof entitle the plaintiff to receive. *Simmons* v. *Allison*, 118 N. C., 763; *Harris* v. *Sneeden*, 104 N. C., 369; *Jones* v. *Mial*, 82 N. C., 252. But the plaintiff cannot abandon his cause of action and recover upon an entirely different cause of action without amendment. It is true, if the defendant makes no objection and tries the case in the changed aspect, he will be taken as assenting thereto, and the amendment of the pleadings can be made after verdict to conform them to the case as tried. *The Code*, 273, and cases cited thereunder in Clark's Code. But here, the objection being made in apt time, the judge either should have ruled out the evidence or (as is the spirit of *The Code*) permitted an amendment of the complaint and answer on such terms as he deemed proper, and if the defendant was put to a disadvantage should have granted also a continuance. But the complaint being upon a contract alleged between the defendant and plaintiff, it was clearly error, after objection, to permit the plaintiff to prove and recover upon an alleged contract between the defendant and another person for the plaintiff's benefit. Whether he can recover at all upon such contract does not arise upon the present state of the pleadings, and we express no opinion.

Error.