A. F. BIZZELL and Wife v. M. M. McKINNON.

*Contract—Trustee of Naked Trust—Husband and Wife—Evidence—Trial.*

1. Where, in the trial of an action for the recovery of damages for breach of contract to do certain work and place certain improvements upon land alleged to belong to the plaintiffs, the defendant having admitted in his answer that the plaintiffs were owners of the property in fee, the widow of the plaintiff hus' and (who had died pending the action) introduced a deed showing that the husband was a mere naked trustee for her benefit, without limitation over or duties to perform; *Held.* that the introduction of such deed as evidence could not prejudice the defendant and was relevant as showing that by the death of the husband the surviving plaintiff became entitled to the whole amount of recovery.

2. Neither the trustee of a naked legal trust without the consent of the *cestui que trust,* nor the husband, without the consent of the wife, having the right to compromise or yield a right already accrued of the *cestui que* trust or wife, a letter from the deceased husband of the surviving plaintiff in an action for damages for breach of a contract in relation to improvements on land held by the husband in trust for the wife, which was offered to show satisfaction of the contract, was properly rejected.

3. In the trial of an action commenced by husband and wife and continued by the wife after the death of the former, for breach of a contract in relation to work and improvements which the defendant had agreed

BIZZELL *v.* McKINNON.

to perform and make upon land held by the husband in trust for his wife, the trust being a purely naked and legal one without limitation over or duties to be performed by the trustee, testimony of the defendant concerning conversations or transactions with the husband in reference to the contract and its satisfaction was properly excluded, not only as being in violation of Section 590 of the *Code* but for the better reason that defendant could not be heard to show that the rights of the wife and *cestui que* trust had been yielded or compromised by her husband and trustee, and on the further ground that there was no evidence that the husband was the agent of the wife in the transaction.

CIVIL ACTION for the recovery of damages for breach of contract tried before *McIver*, *J.*, and a jury at September Term, 1897, of RICHMOND Superior Court. There was verdict and judgment for the plaintiff and defendant appealed.

*Messrs. W. H. McNeill* and *Frank McNeill*, for plaintiff.
*Mr. John D. Shaw*, for defendant (appellant).

MONTGOMERY, J.: This action was brought to recover damages for an alleged breach, on the part of the defendant, of a contract in which he had agreed to do certain work and to put certain improvements upon a tract of land which was alleged in the complaint and admitted in the answer to be owned in fee by the plaintiffs who were husband and wife. The plaintiff husband died during the pendency of the suit and before the trial. The surviving plaintiff introduced a deed to the land described in the complaint from J. T. Roper to the deceased husband in which the property was conveyed to be held in trust for the sole and separate use, benefit and behoof of his wife and her heirs, discharged from any debt, obligation or contract of the husband. The husband was simply a trustee for his wife without limitation over, or duties to be performed. The defendant objected to the introduction of the deed because of its alleged irrelevancy; first, because the complaint alleged the title to the property to be in the plaintiffs, in fee, and the answer admitted it,

and therefore the title was not in issue; and second, because it tended to contradict the complaint. The counsel of the defendant, here, cited as an authority to sustain his position the case of *Sams* v. *Price*, 119 N. C., 572. In that case the plaintiff in his complaint declared on a contract made directly with the defendants. On the trial he undertook to show that in a contract between the defendants and another person the defendants had agreed with that other person, and without the knowledge or consent of the plaintiff, to pay to the plaintiff the amount claimed in plaintiff's complaint. The testimony was admitted in the Court below but this Court held that that was error, for the reason that the testimony, which his Honor allowed to be received, tended to prove a different contract and an entirely different cause of action from the one set out in the complaint.

But in the case before us the title to the land was not in issue; neither was the making of the contract as set out in the complaint, for the contract was admitted in the answer. The only question at issue was whether the contract had been satisfied by the defendant. The deed introduced on the trial and the complaint were not contradictory. There was conveyed in the deed the legal title to the plaintiff husband, while the whole equitable estate vested in the wife; in that sense then the plaintiffs were at the time of the filing of the complaint the owners of the property in fee. After the deed was offered in evidence it became apparent to his Honor that whatever interest the deceased plaintiff and husband might have had in the land was determined at his death, and that the wife was the real owner of the property and was entitled to the whole of any recovery that might be had in the action; and he properly allowed it to be read in evidence. The admission of the deed put the defendant under no disadvantage whatsoever. If the plaintiffs had alleged in the complaint that the wife was the owner of the

land and the husband the simple trustee of the wife, and the defendant had answered that the contract was made with the trustee and husband and that the wife assented to it, he would have had still to show that she agreed to the satisfaction of the contract as set up in the defendant's sworn answer; and the letter which the defendant introduced from the plaintiff husband, tending to show that he had adjusted and satisfied the contract with the defendant, could not be allowed in evidence to prove acquiescence and consent on her part. Neither the trustee of a naked legal trust without the consent of the *cestui que* trust, nor the husband without the assent of the wife, would have the right to compromise or yield a right already accrued of the *cestui que* trust or wife. *Towles* v. *Fisher*, 77 N. C., 437. If it could be said that the trial in this case was not strictly regular in all its stages yet, upon a careful review, we are satisfied that no error has been committed which is in the least prejudicial to the defendant's interest, and, as his Honor's course saved time and expense and worked out substantial justice, the verdict and judgment must stand.

The conclusion at which we have arrived upon the question of the admissibility in evidence of the deed makes it unnecessary for us to discuss the remaining exception of defendant, except the two in reference to the offer of the defendant to show by himself conversations and transactions with the deceased plaintiff and husband in reference to the contract and its satisfaction. The plaintiff's objection to this proffered testimony was sustained on the ground that it was in violation of Section 590 of *The Code*. His Honor was right in refusing the testimony, but we think the true ground was that the conversation or transaction between the defendant and the deceased plaintiff, he being the trustee of the wife and the trust being a purely naked and legal one without limitation over and without duties to be performed by the trustee, could not be

heard to show that the rights of his *cestui que* trust had been yielded or compromised, and on the further ground that the defendant did not offer to show that the husband was the agent of the wife in the transaction.

There is no error.