### T. W. WHITE v. THOMAS ELEY.

(Filed 11 September, 1907).

**1. Jurisdiction—Torts—Contract—Wrongful Conversion—Election.**
When the plaintiff can bring his action either in tort, for wrongful conversion, or upon contract, the courts, in favor of jurisdiction, will sustain the election of the plaintiff.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, Spring Term, 1907, of the Superior Court of BERTIE County.

*Winston & Mathews* for plaintiff.
*St. Leon Scull* for defendant.

CLARK, C. J. The complaint alleges that plaintiff placed with the defendant a horse to sell for him; that the defendant received for the horse the sum of $149, which he has converted to his own use, and asks for recovery of the sum so converted, and for arrest and bail of defendant. The defendant demurred *ore tenus* that the Superior Court had no original jurisdiction because this is an action on contract. The Court sustained the demurrer and dismissed the action.

There is error. "When the action can be fairly treated as based either on contract or in tort, the courts, in favor of jurisdiction, will sustain the election made by the plaintiff." *Brittain v. Payne,* 118 N. C., 989; *Schulhofer v. Railroad, ibid.,* 1096. The plaintiff could sue either for the tort, the unlawful conversion, or on the contract. Bringing the action in one court, when he might have brought it in the other, is *prima facie* such election. *Sams v. Price,* 119 N. C., 574; *Parker v. Express Co.,* 132 N. C., 130.

In such cases the plaintiff may waive the tort and sue in contract. *Bullinger v. Marshall,* 70 N. C., 520; *McDonald v. Cannon,* 82 N. C., 245; *Wall v. Williams,* 91 N. C., 477; *Edwards v. Cowper,* 99 N. C., 421; *Timber Co. v. Brooks,* 109 N. C., 698.

Or he may elect to sue for the tort. *Bowers v. Railroad,* 107 N. C., 721; *Purcell v. Railroad,* 108 N. C., 424; *Thompson v. Express Co.,* 144 N. C., 389. In *Frelich v. Express Co.,* 67 N. C., 1, it was held that the complaint showed that the plaintiff had elected to sue on the contract for a sum less than $200, notwithstanding the action had been brought in the Superior Court.

The judgment dismissing the action is

Reversed.