W. A. WYNNE v. JOSEPH L. CONRAD.

(Filed 19 November, 1941.)

**1. Venue § 3: Courts § 2c—**

Venue is not jurisdictional and may be waived, and therefore when a defendant does not press his motion to remove to the county of his residence he waives his rights thereunder, and the Superior Court in which the action was instituted retains jurisdiction, and may hear and determine the controversy.

**2. Courts § 2c—**

Where a cause in any manner comes before the judge of the Superior Court after a motion made before the clerk, the judge acquires jurisdiction to determine the entire controversy and is not required to remand the cause to the clerk for the determination of the motion made before him. C. S., 637.

**3. Same—Fact that motion to remove is made and remains undisposed of does not deprive court in which action is instituted of jurisdiction.**

Plaintiff instituted this action on notes secured by a chattel mortgage and obtained claim and delivery upon the chattels. The sheriff's return under the claim and delivery was that he had seized chattels which were of little worth and had turned same over to plaintiff for want of an undertaking by defendant. Thereafter defendant moved for change of venue as a matter of right to the county of his residence but waived his right to removal by failing to press his motion. Some four and one-half years thereafter the judge of the Superior Court at term placed the cause on the calendar for trial or for dismissal for failure of plaintiff to prosecute same, and upon call of the case dismissed same as of nonsuit for failure of plaintiff to appear. *Held:* The judge of the Superior Court had jurisdiction of the cause and power to render the judgment of dismissal. C. S., 637.

**4. Judgments § 22b—**

The remedy to correct an erroneous judgment is by appeal; and the remedy against an irregular judgment is by motion in the cause made within a reasonable time.

**5. Judgments § 22g—**

An irregular judgment is one rendered contrary to the course and practice of the court.

**6. Judgments § 22i—**

An erroneous judgment is one rendered contrary to law.

**7. Judgments § 22d—Motion to set aside judgment made some five years after rendition of the judgment held barred by laches.**

Plaintiff instituted this action in the Superior Court. Defendant was served with summons but before answering filed motion to remove to the county of his residence as a matter of right, but did not press his motion

and same was never heard or disposed of. Some four and one-half years later the judge of the Superior Court at term placed the cause on the calendar and dismissed the action as of nonsuit for failure of plaintiff to appear and prosecute same, without giving plaintiff actual notice. Some five years after the rendition of the judgment dismissing the action, plaintiff moved to set aside the judgment. *Held:* The judgment of dismissal was not void, since the court had jurisdiction of the parties and the subject matter, and plaintiff, by failing to take any action until more than five years after the rendition of the judgment, is estopped by his laches and is not entitled to have the judgment set aside.

**8. Equity § 2—**

"Laches" is negligence consisting in omission of something which a party might do and might reasonably be expected to do towards vindication or enforcement of his rights.

APPEAL by defendant from *Bone, J.,* at Second March Term, 1935, of WAKE. Reversed.

The following judgment was rendered in the court below: "This cause coming on to be heard and being heard before Honorable Walter J. Bone, Judge, upon motion of J. G. Mills, attorney for plaintiff, to set aside the judgment of nonsuit rendered herein at the Second March Term, 1935, the defendant being represented by J. L. Morehead, attorney, and it appears upon examination of the record and the affidavit filed herein, and after hearing and argument of the attorneys for the plaintiff and the defendant, that this action was instituted by issuing summons and filing complaint on the 29th day of September, 1930, and the summons, with a copy of the complaint, were served on the defendant on the 30th day of September, 1930, and that on the 30th day of October, 1930, the defendant filed a motion in writing with the Clerk to remove, as a matter of right, the action to Durham County for trial, which motion was never heard and determined. Upon the institution of this action the plaintiff caused a writ of claim and delivery to be issued for the possession of the personal property described in the chattel mortgage given to secure the payment of the notes sued on in this action and the Sheriff of Durham County returned: 'Nothing to be found except a few worthless articles.' At the Second March Term, 1935, the Court, upon its own motion, dismissed the action as of nonsuit, without actual notice to the plaintiff, and the plaintiff, upon being advised of said judgment on January 22, 1941, immediately served notice on the defendant and his attorney that he would move to set aside said judgment. The motion was heard at the April Term, 1941, and at the request of the attorney for the defendant for permission to file brief it was agreed by the parties in open Court that the Court could take the motion under advisement and render its decision at a later term. It further appears that this action was instituted by the plaintiff to recover of the defendant

a balance due on notes given the plaintiff by the defendant, and that the plaintiff has a meritorious cause of action, and that the motion should be allowed. It Is, Therefore, Ordered, Adjudged and Decreed that the Judgment of nonsuit rendered in this action at the Second March Term, 1935, be and the same is hereby set aside and the Clerk is directed, upon notice to the parties, to hear and pass upon the Motion to Remove. Walter J. Bone, Judge."

To the ruling of the court and to the signing of the foregoing judgment the defendant, in apt time, and in open court, excepted, assigned error, and appealed to the Supreme Court.

*J. G. Mills for plaintiff.*
*J. L. Morehead for defendant.*

CLARKSON, J. The question involved: Did the court err in entering the order that the judgment of nonsuit rendered in this action at the Second March Term, 1935, be set aside? We think so.

This action was instituted 29 September, 1930. The provisional or ancillary remedy of claim and delivery was taken out for certain personal property by reason of a chattel mortgage held by plaintiff to secure the indebtedness of defendant. The complaint was filed the same day. The defendant lived in Durham County, N. C., and the summons was served on the defendant on 30 September, 1930, and certain property taken under the claim and delivery proceedings. The return of the sheriff, in part, is as follows: "Certain parts of telephone apparatus, consisting of telephones, switchboard, parts, such as nuts, bolts, parts of switchboard, frames, etc., all of which is in very bad condition, and almost worthless. The switchboard and about two hundred telephones are in Victoria, Va. And after holding the said property for three days, no defendant's undertaking being filed with me, I delivered the said property to the plaintiff on his undertaking."

The prayer of the complaint, in part: "(a) That he be given judgment against the defendant for the sum of $2,744.76, with interest thereon at the rate of six per cent per annum from the 2nd day of August, 1930, until paid. (b) For the possession of the property described in said chattel mortgage and that he be permitted to sell the said personal property in accordance with the terms and conditions of said chattel mortgage."

On 29 October, 1930, the defendant, before answer, filed a motion to remove the action (N. C. Code, 1939 [Michie], sec. 470) to Durham County and notice to plaintiff and his attorney was filed but was unsigned by defendant's attorney, and no time was set for the hearing in the notice. The record discloses: "And thereafter, at a regular term of the Superior Court of Wake County, duly and regularly begun and held

for the County of Wake, at a time and place required by law, to wit: at the Courthouse in Raleigh, on the first Monday after the first Monday in March, 1935, and before Honorable F. A. Daniels, Judge, duly commissioned, authorized and empowered to hold said Court, the following proceedings were had: The action was regularly calendared, to be tried or dismissed, for failure to prosecute, and thereupon the plaintiff having been called and failing to appear, the following Judgment was signed: 'Second March Term, 1935—Judgment—This cause coming on to be heard, and the plaintiff having been called and failing to appear, it is Ordered that the action be dismissed as of nonsuit, and that the plaintiff do pay the costs of this action to be taxed by the clerk. F. A. Daniels, Judge Presiding.' "

On 27 May, 1941, plaintiff, through his attorney, gave notice to the defendant and his attorney of motion to reopen the case, setting forth that "plaintiff and his attorney first learned of the judgment dismissing the action on January 22, 1941."

The plaintiff filed an affidavit, setting forth, among other things: "The plaintiff, desirous of helping the defendant, did not insist upon pressing his suit against the defendant and waited until January, 1941, and not having heard from the defendant he proceeded to take measures to prosecute said action, but much to his surprise he found that a judgment of nonsuit had been entered therein at the Second March Term, 1935, without actual notice to him. That the defendant is indebted to him in the sum of $2,748.00, with six per cent interest from December 1, 1929, this indebtedness being evidenced by notes, which are now, and have been since their execution, in the possession of and owned by the plaintiff: That as soon as he learned that said judgment had been entered, he caused notice to be served on the defendant and his attorney of this motion to set aside said judgment."

In *Clark v. Homes,* 189 N. C., 703 (710), it is decided by this Court: "Venue is not *jurisdictional* and may be waived, *and cannot be tested by demurrer, but by motion in the cause* (citing authorities). Venue now is not *jurisdictional* and may be *waived* (citing authorities). Venue cannot be jurisdictional and it may always be waived," citing authorities.

The court had jurisdiction of the action. Defendant filed an unsigned notice of the hearing to remove and at no time pressed his motion to remove—he thereby waived same. *Shaffer v. Bank,* 201 N. C., 415 (418). Plaintiff did not press his action. Nothing was done in the action from 30 October, 1930, when the motion was made, until March Term, 1935, and the record discloses that the judgment of nonsuit above set forth was rendered.

The clerk could not pass upon the value of the property seized in claim and delivery proceedings and turned over to plaintiff. This was a fact to be determined by a jury.

N. C. Code, *supra,* sec. 637, reads: "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so." *Hall v. Artis,* 186 N. C., 105. The record imports verity.

In *Hill v. Hotel Co.,* 188 N. C., 586 (589), we find: "As we understand the defendant it insists that a judgment by default and inquiry should have been entered by the clerk and the cause should then have been transferred to the Superior Court docket for the award of damages. The position assumes, we take it, that the clerk had the exclusive power to render such judgment and that the case when heard was not properly before the judge. When the Legislature empowered clerks to enter judgment by default and inquiry as indicated in the sections referred to, it no doubt intended thereby to expedite litigation. This provision was in the nature of an enabling act and we apprehend was never intended to deprive the Superior Court in term of its jurisdiction to render judgments by default final or by default and inquiry, and it cannot reasonably be construed as effective for such purpose. . . . A judgment by default and inquiry admits that the plaintiff has a cause of action and is entitled to nominal damages, but the burden of proving any damages beyond such as are nominal still rests upon the plaintiffs. *Osborn v. Leach,* 133 N. C., 428, 432; *Stockton v. Mining Co.,* 144 N. C., 595, 600. Though the cause of action be admitted, the damages must be determined by the jury, and for this purpose the case must go to the trial docket. In *Brown v. Rhinehart,* 112 N. C., 772, 776, *McRae, J.,* said: 'We think the case was properly placed upon the civil docket, although no issues had been joined, for not only issues of fact joined upon the pleadings, but also all other matters for hearing before the judge at a regular term of the court, are to be put upon this docket.' The case before us was put upon the civil issue docket and remained there more than fifteen months, and was then put upon the calendar and duly called for trial. The contention that the case should be treated as if before the clerk and not before the judge, cannot, therefore, be upheld."

A judgment may be valid, irregular, erroneous, or void. In *Finger v. Smith,* 191 N. C., 818 (819-20), it is written: "An irregular judgment is one rendered contrary to the course and practice of the court, as for example, at an improper time; or against an infant without a guardian; or by the court on an issue determinable by the jury; or where a plea in bar is undisposed of; or where the debt sued on has not

matured; and in other similar cases (citing authorities). An erroneous judgment is one rendered according to the course and practice of the court, but contrary to law, or upon a mistaken view of the law, or upon an erroneous application of legal principles, as where, judgment is given for one party when it should have been given for another; or where the pleadings require several issues and only one is submitted; or where the undenied allegations of the complaint are not sufficient to warrant a recovery; and in other cases involving a mistake of law (citing authorities). A judgment may be regular and at the same time erroneous; that is, it is not irregular because it may happen to be erroneous. Error does not necessarily constitute irregularity or necessarily enter into it (citing authorities). A void judgment is one that has semblance but lacks some essential element, as jurisdiction or service of process. *McKee v. Angel*, 90 N. C., 60; *Duffer v. Brunson, supra* (188 N. C., 789). If a judgment is irregular the remedy is by a motion in the cause made within a reasonable time; if erroneous, the remedy is by appeal. *Spillman v. Williams, supra* (91 N. C., 482); *May v. Lumber Co., supra* (119 N. C., 96); *Henderson v. Moore*, 125 N. C., 383."

In the present action the judgment is not void. There was service of process and jurisdiction. If the judgment was erroneous it was necessary for plaintiff to appeal. This was not done. If the judgment was irregular a motion in the cause, made within a reasonable time, is the proper remedy. It was the duty of the plaintiff to prosecute the action, it was his duty to see that there was no unreasonable delay; it was his duty to give to his suit in court that amount of attention which a man of ordinary prudence gives to his important business. "The least that can be expected of a person having a suit in court is that he shall give it that amount of attention which a man of ordinary prudence usually gives to his important business." *Rodman, J.,* in *Sluder v. Rollins,* 76 N. C., 271 (272). "When a man has a case in court the best thing he can do is to attend to it." *Clark, C. J.,* in *Pepper v. Clegg,* 132 N. C., 312 (316).

The plaintiff in this case, for over ten years, allowed his suit to remain in the court without action, and for over five years after nonsuit. He now makes this motion. We can find no statute that authorizes the setting aside of a judgment after such a length of time. We think the principle of laches is applicable. "Estoppel by laches" is failure to do something which should be done or to enforce right at proper time. *Hutchinson v. Kenney,* 27 F. (2d), 254. A bill in equity will be dismissed, where long and gross negligence of plaintiffs in seeking relief is unexplained by sufficient equitable reasons and circumstances. *Taylor v. Holmes,* 14 F., 498, affirmed (1888), 8 C. Ct., 1192, 127 U. S., 489, 32 L. Ed., 179.

"Laches" is negligence consisting in omission of something which a party might do and might reasonably be expected to do towards vindication or enforcement of his rights, being generally a synonym of "remissness," "dilatoriness," "unreasonable or unexcused delay," the opposite of "vigilance," and means a want of activity and diligence in making a claim or moving for the enforcement of a right, particularly in equity, which will afford ground for presuming against it or for refusing relief where that is discretionary with the court, but laches presupposes, not only lapse of time, but also the existence of circumstances which render negligence imputable. *Alexander v. Cedar Works,* 177 N. C., 536.

The plaintiff's leniency with defendant was commendable, but he started a lawsuit and should not have waited for over ten years to see what had happened to it. Neither a court of law or equity can relieve him of the result of such unreasonable delay.

For the reasons given, the judgment of the court below is

Reversed.