RtjffiN, C. J.
 

 Most of the numerous points in this case seem to have been taken with but slight consideration.
 

 A warrant is both the process, to procure the defendant’s •appearance, and is in the place of the declaration, to inform him of the nature of the demand. "Several of the objections in this case are for defects in point of form in the warrant, considered as process merely. Were they good, if taken in proper time, they come too late here. That for the want of a seal was taken pending the trial, upon the idea, apparently, that the defect might be cured by -verdict. But, in respect of the time of making the objection, the case is necessarily the same, whether it be made after the case is submitted to the jury on the issues, or after the jury returns a verdict; for, after the trial has begun, the Court will not suspend it for the sake of letting in technical objections, but will proceed with the trial with a view to a determination on the merits- But the objections to the process, as such,, had been before waived
 
 *458
 
 by the- plea in bar ; for, as the defendant may appear without process, his appearance and plea admit him to be in Court on sufficient process. The truth is, however, that both of the okjggjjQjjg 0f ]c¡I1(j are altogether unfounded.
 

 A warrant need not contain any special day or place of return. This turns entirely on the act of assembly. That, Rev. St. ch. 62, sec. 7, 8, provides, that warrants shall be made returnable before some Justice of the Peace of the County, on or before thirty days from the date thereof, Sundays excepted. To that, this warrant conforms. It further provides, that upon serving a warrant, the constable, if required, shall take from the defendant a bail bond, “conditioned for his appearance at a certain time and place,
 
 therein to be
 
 specified, before some justice of the county, where the warrant issued and then it adds, that the warrant “shall be determined on the day
 
 appointed by the officer
 
 serving the warrant as aforesaid.” The day and place for the return are, therefore, not
 
 to be
 
 designated in the warrant, but by the constable.
 

 Nor is a seal requisite to a warrant. It is requisite to a State’s warrant for a criminal charge.
 
 Welch
 
 v.
 
 Scott, 5
 
 Ired.
 
 72.
 
 That is at common law. But warrants in civil cases owe there origin to the legislation of this State exclusively. The provisions of the acts, respecting the jurisdiction and proceedings before justices of the peace out of Court, render it plain, that the process and proceedings are to be in writing, and, of necessity, verified by the signature of the justice.— But there is nothing in the acts, from which it can be inferred, that the warrant, judgment, or execution is to be under seal; and it has not been the practice to affix a seal to any of those proceedings. Indeed, neither of the Judges of this Court remembers to have seen a seal to a civil warrant.
 

 But, as has been mentioned, a warrant is not merely process, but it is intended to serve the purpose of a declaration, as far as a declaration is deemed necessary in petty causes.— For the act, after specifying the subjects of a justice’s jurisdiction, (including a penalty incurred under a statute,) requires that “ihe sum claimed, and how due, shall be expressed in the
 
 *459
 
 warrant.” Consequently,- that instrument mustname the proper parties,- and state a cause of action within the justice’s ju-~ risdiction, both as to the nature and amount of the demand. To the warrant, viewed in this aspect, several of the defendant’s objections are taken ; and they will now be considered.
 

 The plaintiff is Charles Duffy, “the overseer of the public road leading from the Doctor’s bridge to the Dark Entryand the suit is for a penalty, claimed for the neglect of the defend" ant to send his slaves to work on that road, after due summons, It is said, that the plaintiff cannot maintain the suit in his own name alone, because the statute, Rev. St. ch. 104, sec. 39, makes all the forfeitures, incurred under it, recoverable, the one-half to the use of the prosecutor, and the other half to the use of the County, We believe the objection would be well taken, if it depended on that section of the act. But we hold, that the whole act and the-subsequent one of 1842, ch. 65, taken together, remove the objection and sustain the suit in its present form. The first act on the subject was that of 1784, ch. 227, sec. 7, which, among many penalties, gave one of five shillings a day, “to be recovered by warrant and paid to the overseer and by him to be expended in hiring other hands to work on said road.” Then, in 1786, ch. 256, it was enacted, that all forfeitures under the act of 1784, should be recovered by action of debt, one-half to the use of the person sueing, and the other half to the use of the State, unless otherwise provided for in the said act of 1784. In relation, however, to the particular kind of forfeiture, now under consideration, acts passed in 1817, ch. 935, and in 1825, oh. 1287, which, after increasing the penalty to ten shillings, provided, that in all cases where “overseers of roads are compelled to warrant their hands” for neglect to work, the overseers shall be competent witnesses to prove the notice, and that the County shall pay the costs, if the defendant be unable. These several provisions make it very evident, that this penalty on a hand for not working was not intended to be within the general provision of the act of 1786, and to be recovered, one half to the usd of an informer and the other
 
 *460
 
 half to the use of the State, but was specially provided for and made recoverable by the overseer for the purpose, exclusively, of being expended on the road. In digesting those ac(;g jnto Revise Statutes, ch. 104, the forfeiture of one dollar a day for each hand' is re-enacted ;• but the provisions for a recovery by warrant, and for the payment to the overseer, and the apropriation of it in his hands to hiring other hands to work on the road are omitted. But enough is retained to shew the omission to have been mere oversight; for in the 11th Section the acts of 1817 & 1825, as just quoted, are incorporated — whereby an overseer, “who shall be compelled to warrant his hand” is yet made a competent witness and exonerated from the costs of the warrant. That makes it apparent, that it was understood, the overseer was still to sue. But it must be admitted, that,- by reason of the express provision of the 39th Section, it was at least,- doubtful, whether he could sue. But the difficulty is entirely removed by the act of 1842; which was, doubtless,- intended to supply the omission in the Revised Statutes and restore the old law of 1784 ; for it enacts “that all fines
 
 recovered
 
 and
 
 collected by the overseers
 
 of public roads from persons, who fail to-work on the same, shall be applied by the
 
 tiverseers
 
 to keep--ing their roads in repair.” Here the right of
 
 recovery
 
 is expressly given to the overseer, officially. This objection there-fore fails..
 

 The debt demanded in the warrant is $30 for the non-attendance on said road of thirty hands, whieh the said Averitt was bound to send on the said road, and the jury found a verdict for the plaintiff for $28. This formed another ground for the motion in arrest of judgment. There is no doubt, that, when a statute gives as a penalty a sum certain, the declaration must claim that precise sum, and the recovery be accordingly ; otherwise, there would be a variance between the pleadings and the evidence and verdict. But that does not determine the present question. If this statute gave a single penalty of $ 30 for the neglect of a hand, the suit could not be sustained for $ 28 for such neglect of one hand. But that
 
 *461
 

 is
 
 ñdt our case. The penalty here is $ 1 for each hatld; and it cannot be denied, that, were this a proceeding in a Court of record, the whole sum of $ 30 might be demanded in the commencement of the declaration, and that, yet there might be thirty separate counts, each for a penalty of §1 for the absence of one hand, and that the plaintiff would be entitled to a verdict on as many of the counts as he proved, and could have' judgment on them. Ii is precisely like the common case' of a suit on two bonds, where each is declared on separately; in which each cotint is, to this purpose, in the nature of a sepa-' rate action. But this being a warrant, there could of course' be no subh thing as'seiferal cotints. Yet there is no reason, why two or mofe penalties should not be included in the same' warrant; for the principle of precision in pleading, which' requires separate counts in declarations, has never been applied to warrants. In the first place, the act of 1794, Rev. Stat. 62. s. 21, makes a warrant good without regard to form, if the essential matters be set forth in it. In the next place,'' the act requires that the v/arrant should only express the sum' demanded and “ how due,’5 and according t"o the universal usage, those words are satisfied by stating the debt to be due by bond, note, statute, -or the like/, without a more particular description as to time, place, or other circumstances necessary in a declaration. The warrant,' therefore, must be supported,if by any intendment, it can be fairly taken, as demanding' what’mightbe demanded iU a declaration,'although it might, in • a declaration, be necessary to declare for different parts of the' demand in separate counts. ■ This may be done here, and it is/ indeed, according to the truth of the case, by considering this'’ warrant to be for thirty distinct penalties of one dollar each. Upon proving the 'defendant liable for twenty-eight' of them,' there is no reason why there should not be judgment for them, ' although he had not incurred the other two.
 

 It is furthermore objected, that the jurisdiction of penalties is local, and therefore, that the warrant ought to have shewn,' that the road was in the county in which the suit was brought.1 But the parts of the act respecting proceedings before justices, ■
 
 *462
 
 already quoted, clearly dispense with such a statement. Warrants never have a
 
 venue.
 
 Besides, the fact must have been proved on trial ¿ for, without such proof, the jury could not have given their verdict; and for that reason, the defect, if one, would be cured by the amendment act. Rev. Stat. c. 3. s. 5. Indeed, had this been an action in a court of record, the objection ought to have been pleaded in abatement.
 
 Greene
 
 v.
 
 Mangum,
 
 3 Mur. 39.
 

 Lastly, it is objected that the warrant does not set forth the acts, which give the penalty to the plaintiff, nor refer to them by the conclusion,
 
 contra formam statutorwm.
 

 And this, we admit, the warrant ought to have done, in accordance with the provision, that it must express the sum “ and how due,” and we also admit that the defect is in a matter of substance, and is therefore fatal, unless removed by an amendment.
 

 An amendment has been moved for, and the case last quoted is in point, both as to the power and propriety of allowing it in this court,- and as to the terms, on which it should be allowed. The defendant could only take advantage of it in arrest of judgment; arid then he would not recover costs, but only prevent the plaintiff fiom recovering them from him. The Court will not deprive him of any part of that advantage. But as the suit is brought to enforce a public right, and the justice of the case, as found by the jury, will be promoted by the amendment, we-feel bound to allow it oil condition, that the plaintiff shall give up all claim to costs,- and each party shall pay his own costs, in the same manner as if the judgment were arrested.
 

 Per Curiam, Judgment accordingly.