Ruffin, C. J.
 

 It was a mistake to suppose, that an appeal does not lie to the Superior Court from an order of the County Court, allowing an amendment or setting aside a judgment for irregularity, as the contrary has been often decided;
 
 Slade
 
 v
 
 Burton,
 
 10 Ire. 390. But the Court concurs in the opinion on the other' point, and that is decisive of the case against the plaintiff. As warrants do not, like declarations in debt, define, particularly, the bond or other specialty, on ^vhich they demand a'debt, it follows that they must be regarded in the light of declarations in As-sumpsit, or other actions sounding in damages.
 
 Duffy
 
 v
 
 Averitt,
 
 5 Ired. 455;
 
 Emmitt
 
 v McMillan, at this term. Besides the reasons given in those cases for the rule, it may be mentioned, that it is further supported by the consideration, that the Statute requires that the suit shall be by^arrant, for all sums of sixty dollars or under, “for a balance due oil any special contract or note since it cannot be supposed to be required of the plaintiff to state tho exact balance, throwing on him the risk of allowing the payments precisely, and making the calculation of interest with perfect correctness. There cannot, therefore, properly be a final judgment, by default, upon appeal from a Justice of the Peace; but the matter must be determined, upon proofs, either by the Court, or by a Jury, as mentioned in
 
 Ransom
 
 v
 
 Harshaw,
 
 8 Ired. 480. That was not the course in this case,' but the judgment was entered, without the intervention of the Court, in the office, as of course,
 
 *114
 
 aúd, th'erefoi’é, was erroneous and irregular. Such judgments are, of necessity, always tinder the control of the Court, whose judgments -they purport to be, and of án appellate Court, which can treat the matter
 
 de novo. Bender
 
 v
 
 Askew,
 
 3 Dev. 150.
 
 Keaton
 
 v
 
 Banks,
 
 10 Ired. 381.
 

 Per Curiam. Judgment affirmed.