### PARKER v. SOUTHERN EXPRESS CO.

(Filed March 17, 1903.)

1. APPEAL—*Transcript—Record — Exceptions and Objections — Case on Appeal.*

   Where there is no exception to the evidence or the charge of the court, no part of them should be sent up on appeal.

2. NONSUIT—*Dismissal—Jurisdiction.*

   A motion for nonsuit treated as a motion to dismiss for want of jurisdiction may be made after verdict.

3. JURISDICTION—*Justices of the Peace—Superior Court—Contract— Torts.*

   Where a person sues an express company before a justice of the peace for breach of a contract for failing to deliver a package and upon appeal the jury finds that the defendant "negligently" failed to deliver the package, the action is for breach of contract, and a justice of the peace has jurisdiction if the amount sued for is less than $200.

ACTION by J. C. Parker and others against the Southern Express Company, heard by Judge *E. W. Timberlake* and a jury, at November Term, 1902, of the Superior Court of HARNETT County. From a judgment for the plaintiffs the defendant appealed.

*Stewart & Godwin,* for the plaintiffs.
*McLean & Clifford,* for the defendant.

CLARK, C. J.   This was an action brought before a justice of the peace and no written pleadings were filed.   The summons notifies the defendant to appear at the time and place named "to answer the complaint of plaintiffs for non-payment of the sum of $175 with interest thereon from 17 August, 1901, until paid, *for breach of contract."*   On appeal to the Superior Court, the following issues were submitted: 1.   "Were the plaintiffs damaged by reason of the negligence of the defendant in the failure to deliver the express package in question ?   2.   What damages have the plaintiffs sustained ?"

The jury responded "yes" to the first issue and to the second issue "$70" whereupon the defendant excepted to the jurisdiction of the court and moved for judgment of non-suit against the plaintiffs, which motion was overruled, judgment entered for the plaintiffs upon the findings of the jury, and the defendant excepted and appealed.

There being no exception to the evidence or the charge of the court, very properly no part of them is sent up.   *Durham v. Railroad,* 108 N. C., at p. 404; *Mining Co. v. Smelting Co.,* 119 N. C., at p. 416.   The only exception is for the refusal to non-suit after verdict.   Taking this to be a motion to dismiss for want of jurisdiction, it might be made at any time, even in this court for the first time.   Rule 27 and cases cited in Clark's Code (3 Ed.) p. 923.   But no such defect appears on the face of the record.   In the summons before the justice of the peace, the plaintiffs state their cause of action to be for "breach of contract" and the issue finding that there was a "negligent failure to deliver an express package" is on its face a breach of contract to deliver the same. *Froelich v. Express Co.,* 67 N. C., 1.   It is true the word "negligent" was surplusage, for the failure to deliver the package is a breach of the contract of carriage equally whether such failure is wilful or negligent.   The only defense for

Vol. 132—9

failure to deliver would be "the act of God or the public enemy." If there was negligent failure, it would be like the breach of any other contract in which the contractor negligently failed to keep and execute its terms. There was no exception to the issue, and if there had been, the negligence was simply the manner of breaking the contract, and at the utmost it was a *tort* arising on contract.

"The justice's summons is a substitute for the complaint when no other complaint is filed." *Cromer v. Marsha,* 122 N. C., 564; *Allen v. Jackson,* 86 N. C., 321; *Williams v. Beasley,* 35 N. C., 112; *Emmit v. McMillan,* Ibid 7; *Duffy v. Averitt,* 27 N. C., 458. Here, the declaration is explicit in the summons "for breach of contract." If there had been a tort, the plaintiffs had the right to waive it and sue in contract but in *Froelich v. Express Co., supra,* Pearson, C. J., says the failure of a contract of a carrier to deliver is a breach of contract, and adds (on p. 4) "As the distinction between declaring in tort or in contract is a refinement abolished by the Constitution, taking it in any point of view this is a civil action founded on contract." See citations approving that case in the Annotated edition of 67 N. C. Reports.

In *Bowers v. Railroad,* 107 N. C., 721 the court modified that decision by holding that in such case the plaintiff may waive the contract, if he so elect and sue in tort if he set out his intention "in terms that clearly show his purpose" to do so. The same purpose to uphold whatever jurisdiction the plaintiff shall elect is clearly shown in all our decisions. In the late case of *Sams v. Price,* 119 N. C., 572 the court says: "If the complaint is so worded that under the liberal procedure of The Code it could have been construed to be either an action on an express or an implied contract (*Stokes v. Taylor,* 104 N. C., 394; *Fulps v. Mock,* 108 N. C., 601; *Holden v. Warren,* 118 N. C., 326) or *either in tort or contract (Britton v. Payne,* 118 N. C., 989; *Schulhofer v. Railroad,* Ibid

1096; *Timber Co. v. Brooks,* 109 N. C., 698; *Bowers v. Railroad,* 107 N. C., 721) or as a common law action or one under the statute (*Roberson v. Morgan,* 118 N. C., 991) the court *will sustain the jurisdiction."* It would be passing strange if since the Constitution, Art. IV, Sec. 1, the courts could turn a party out of court and require him to come back again by another door to litigate exactly the same sum, upon the same facts, when he has stated his cause of action in a manner which entitles him to have a decision in the forum which he has chosen.

No error.