JULIUS MANNING and J. D. WEBB v̇. L. E. FOUNTAIN.

(Filed 4 March, 1908).

1. **Contracts—Torts—Waiver—Money Had and Received to the Use of—Justice's Court—Jurisdiction.**

    W. became responsible for the payment for a horse purchased by M. of F., with the agreement that the horse was to be returned by M. if it proved unsatisfactory. The horse was accordingly returned, and F. represented to W. that the trade had been made, and induced him to give his promissory note for $175, the purchase price, which was negotiated by F.: *Held*, (1) the jurisdiction of the cause of action by W. against F. rested upon the failure of the consideration of the contract, for money had and received to the use of W.; (2) the plaintiff could waive the tort and sue upon the contract; (3) the cause of action was within the jurisdiction of the justice of the peace.

2. **Contracts—Torts—Waiver—Suit Upon Contract.**

    When the breach of contract involves a tort, the plaintiff may waive the contract and recover damages for the tortious injury.

CIVIL ACTION, appeal from the court of a justice of the peace, heard by *Neal, J.,* at October Term, 1907, of the Superior Court of EDGECOMBE County.

The action was brought in the justice's court to recover the sum of $175, the proceeds of a negotiable note. At the trial in the Superior Court the Judge ruled that the action was necessarily in tort and that the justice had no jurisdiction, and dismissed it. The plaintiff appealed.

The facts are sufficiently stated in the opinion of the Court.

*Gilliam & Gilliam* for plaintiffs.
*G. M. T. Fountain* for defendant.

BROWN, J. For jurisdictional purposes, the record discloses these facts: The plaintiff Webb agreed with his tenant, Manning, to become responsible for a horse which the tenant, for farm purposes, was to buy from one of the dealers in Tarboro. Manning opened negotiations with the defendant, Fountain, for the purchase of a horse, which negotiations did not result in a completed trade, but only in a trade on trial,

and by which Manning had the right to return the horse in a reasonable time, if found to be unsatisfactory. The horse proved unsatisfactory and was returned by the said Manning to the defendant, Fountain, within a reasonable time, without plaintiff's knowledge. In the meantime, while the horse was in the possession of the said Manning, the defendant, Fountain, represented to the plaintiff Webb that he had made sale of the horse to Manning for $175, and procured Webb to execute his promissory negotiable note, with interest, payable in the fall. The defendant negotiated the note, presumably for full value, before maturity, and the plaintiff has fully paid it. We think that his Honor erred in assuming that the action was in tort and that the justice had no jurisdiction. When the defendant solicited and accepted the negotiable note, he took it *as so much cash* and upon an implied contract that he would return it in case the trade with the tenant was not effected. The plaintiff does not allege a fraudulent intent or a knowingly false representation upon the part of the defendant. He sues for money had and received, upon the allegation that there has been an entire failure of consideration.

The plaintiff, even if a tort had been committed, growing out of a fraudulent and false representation, had a right to waive it and sue for money had and received. Such an action is *ex contractu* and not *ex delicto*. *Winslow v. White,* 66 N. C., 432; *Bullinger v. Marshall,* 70 N. C., 526. Upon this theory it has been held that, where defendant wrongfully took into his possession timber logs of plaintiff and sold them and received the money, the plaintiff might waive the tort and sue for the money. *Land Co. v. Brooks,* 109 N. C., 700. *E converso,* it has been held, when the breach of contract involves a tort, that the complaining party may waive the contract and recover damages for the tortious injury. *Bowers v. Railroad,* 107 N. C., 722.

The judgment of the Superior Court is reversed and the cause remanded for trial.

Error.