PETER STROUD AND WIFE v. THE LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 25 May, 1908.)

1. **Insurance—Contract Induced by Fraud—Subsequent Payments— Waiver.**

When it is established that an insurance company has induced the insured to take a policy of life insurance by false and fraudulent representations, causing him to believe he could get the amount paid in premiums, with interest, at the expiration of a five-year period, the insured, by then making demand and afterwards continuing to pay for another five-year period under like representations and conditions, does not waive his right of action.

2. **Insurance—Contracts—Torts—Waiver—Justices of the Peace— Jurisdiction.**

When an insurance company has received premiums from the insured under a contract of insurance induced by false and fraudulent representations, the insured may waive the tort and sue for money had and received; and, an action therefor being *ex contractu,* the justice's jurisdiction is not limited to $50, as in action for tort.

ACTION tried on appeal from the court of a justice of the peace, before *Guion, J.,* and a jury, at September Term, 1907, of BUNCOMBE.

The plaintiffs, Peter Stroud and his wife, Margaret, each sued defendant company for $100, money alleged to have been obtained from them by false and fraudulent representations in reference to insurance policies issued to plaintiffs. The actions, without objections noted, were consolidated, and issues were submitted and responded to by the jury as follows:

1. "Is the defendant indebted to plaintiff Peter Stroud, and if so, in what sum?" Answer: "Fifty-two dollars, with interest from the date of the policy."

2. "Is the defendant indebted to the plaintiff Margaret Stroud, and if so, in what sum?" Answer: "Fifty-two dollars, with interest from date of policy."

There was judgment in favor of each plaintiff in accordance with the verdict, and defendant excepted and appealed.

*Julius C. Martin* for plaintiffs.

*Frank Carter, H. C. Chedester* and *Craig, Martin & Winston* for defendant.

PER CURIAM: This case is substantially similar to that of *Caldwell v. Insurance Co.,* 140 N. C., 100, in which a recovery by the plaintiff was sustained.

There was evidence on the part of plaintiffs tending to show that they were induced by false and fraudulent representations on the part of defendant's agents to accept a policy of insurance in defendant company, on the assurance that at the end of five years they could get their money back, with interest. At the time specified plaintiffs demanded their money, and were induced by the same kind of assurances and statements to remain in the company and continue their payments for another period of five years, when, defendant failing to pay according to the contract as understood by plaintiffs, the suits were instituted.

There was no objection made to the rule by which the amount of plaintiffs' recovery was ascertained and established, but it is urged for error that plaintiffs, on their own statements, were put upon notice by failure of defendant company to return plaintiffs their money at the end of the first five years, and they had waived their right to make the present claim by continuing to make payments after this notice given. The answer is that, according to plaintiffs' evidence, these payments during the second period were made under and by virtue of the same false statements and assurances by which the first were procured, and, under a charge to which there is no specific exception, the jury has evidently accepted the statements of plaintiffs as true; and on these facts the authority referred to (*Caldwell v. Insurance Co., supra*) is decisive against defendant's position.

It is further insisted that, the action being one to recover damages for fraud and deceit, the justice had no jurisdiction beyond the sum of $50, and the action should on that account be dismissed. This would be a correct position if the plaintiffs had sued to recover damages for fraud and deceit, this being an action in tort; but, while the demand arose by reason of defendant's tort, the authorities are all to the effect that when a defendant has wrongfully obtained and holds plaintiffs' money through a fraud of this character it is open to plaintiffs to waive the tort and sue for money had and received. This they have done in the present instance, and, the action in this aspect of the matter being *ex contractu,* the justice's court had jurisdiction. *Manning v. Fountain,* 147 N. C., 18; *Parker v. Express Co.,* 132 N. C., 128; Clark on Contracts, pp. 538, 539; Keener on Quasi Contracts, pp. 159-180.

There is no error, and the judgment below is affirmed.

No Error.