D. E. TEAL et al v. R. A. TEMPLETON.

(Filed 5 November, 1908).

1. **Jurisdiction—Justices of the Peace—Contract—Amount Involved.**
    The test of the jurisdiction of a Justice of the Peace is the sum demanded in the summons, and when the sum so demanded in a suit upon contract does not exceed $200, he has jurisdiction, though it may appear on the Justice's docket that a greater sum could have been demanded on the facts alleged.

2. **Same—Appeal—Remitter.**
    When, on appeal to the Superior Court from a judgment of a court of a Justice of the Peace, the amount involved is doubtful, it may be made clear by a remitter sufficient to confer jurisdiction, even if the remitter is retroactive.

3. **Justice of the Peace—Practice—Pleadings.**
    Judgment upon a counterclaim set up in an action in a court of a Justice of the Peace cannot be had on the ground that no reply was filed thereto, as the pleadings are oral in that court.

4. **Same—Appeal—Discretion of Court.**
    The trial on appeal in the Superior Court from a Justice's judgment is *de novo*, and the Judge may, in his discretion, allow pleadings to be filed.

5. **Evidence—Motions—Nonsuit—Waiver.**
    A motion as of nonsuit upon the evidence, made at the close of plaintiff's evidence and not renewed at the close of all the evidence, is waived.

6. **Contracts—Timber Interests—Writing — Jurisdiction — Justice's Court.**
    A contract of lease for three years or less need not be in writing. Title to land is not drawn into controversy, and a Justice's court has jurisdiction.

7. **Statute of Frauds—Pleadings.**
    When the statute of frauds is relied upon in defense, it must be pleaded, to be available.

ACTION tried before *Jones, J.,* and a jury, March Term, 1908, of ANSON.

ACTION begun before a Justice of the Peace. The sum demanded in the warrant is "$200 due by breach of contract for rent of farm and sale of timber." There was no written complaint, but on the Justice's docket the cause of action was stated, "Plaintiff complains that in October, 1905, he rented his farm to defendant for the year 1906 for $250, and sold him a lot of timber to cut on certain land, the defendant to cut all trees that would measure 8 inches at the stump at 22 1-2 cents per tree, and that the defendant had broken said contract." The defendant denied the contract of renting, pleaded counterclaim for over-payment as to trees, and demurred to the jurisdiction. The Justice gave judgment for plaintiff. On appeal, in the Superior Court, the defendant moved to dismiss for want of jurisdiction. The plaintiff stated that he had at no time demanded in excess of $200, and as further precaution entered a remitter of all above that sum. His evidence showed a renting of land to defendant for $250, breach of contract, and plaintiff renting to another for $150. The jury found this to be so and gave the plaintiff verdict for $100. It also found that the defendant had broken the contract as to cutting the timber, but that there was nothing due the plaintiff on that above what he had paid. Judgment. Appeal by defendant.

*Robinson & Caudle* and *J. W. Gulledge* for plaintiff.
*McLendon & Thomas* for defendant.

CLARK, C. J. The objection to jurisdiction was properly overruled. There being no written complaint, the "sum demanded" in the summons is the test. Both causes of action were for breach of contract and the total sum demanded was $200. The Justice therefore had jurisdiction. *Cromer v.*

*Marsha,* 122 N. C., 563; *McPhail v. Johnson,* 115 N. C., 302; Rev., 1419, 1445.

Had it been doubtful as to the sum demanded, the remitter made it clear, even if it had been retroactive. *McPhail v. Johnson,* 115 N. C., 302, and cases there cited; *Brantley v. Finch,* 97 N. C., 91. But it is clear the plaintiff was suing for breach of contract and not for the $250 due for rent, if contract had not been broken.

The defendant was not entitled to judgment for the counter-claim filed in the Justice's court on the ground that no reply had been there filed, for the pleadings were oral and, besides, the trial in the Superior Court was *de novo,* and the Judge in his discretion allowed a reply to be filed. There was no ground for motion to nonsuit. Besides, the defendant waived it by introducing evidence, and not renewing motion at the close of all evidence.

The exception that the contract was not in writing cannot avail. A lease for three years or less is not required to be in writing. The statute of frauds was not pleaded. Besides, the defendant could not take the timber and refuse to pay for it. But if the statute of frauds were pleaded, it would not necessarily have affected the jurisdiction of Justice of the Peace, for "title to land" was not drawn in controversy. There was no recovery on this cause of action.

Both parties testified that it was agreed that the contract should be reduced to writing, but failure to do so did not invalidate the contract. It only affected the mode of proving the contract. In fact, it was put in writing, but the defendant refused to sign it. No exception was taken on the trial to proving value of the timber in excess of 22 1-2 cents per tree. Had this been done, the Judge would doubtless have allowed plaintiff to amend his allegation.

No error.