M. D. FRAZELL v. LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 21 September, 1910.)

**Life Insurance—Policy Contracts—Misrepresentations—Belief—Inducements.**

One who can read, and does not read his policy of insurance, cannot maintain an action to recover premiums paid thereon upon the ground that he was induced to pay them by false and fraudulent representations of the agent of the insurance company as to the plain terms and conditions of the written policy, when he admits he did not believe the agent at the time, for he could not therefore have been induced by the alleged misrepresentations to take the policy or pay the premiums, and especially as he was acting under the advice of his attorney when he paid the premiums.

APPEAL by plaintiff from *Lyon, J.,* at the May Term, 1910, of CRAVEN.

The facts are stated in the opinion of the Court.

*Simmons, Ward & Allen* for plaintiff.
*Guion & Guion* for defendant.

WALKER, J. This action was brought by the plaintiff to recover $192, the amount of premiums paid by him on an insurance policy for $500, which it is alleged he was induced to pay to defendant by false and fraudulent representations of its agent, as to the terms and conditions of the policy. The plaintiff testified substantially that the agent of the company stated to him, before he agreed to take the policy, that it would contain provisions by which the full amount, or $500, would be

paid at his death, and if he continued the policy for ten years, the company would pay to him the amount of all premiums it had received to that time, with interest, upon the surrender of the policy, and if he paid the premium regularly for twenty years, it would become a paid-up policy. There were no such provisions, except the first one, in the policy. Plaintiff paid the premiums for nearly ten years, when he discovered, or was told by the agent of another company, that the policy did not contain the provisions as represented to him. He further testified that he did not believe what the defendant's agent told him, but sought the advice of his attorney as to the meaning of the contract and believed him and acted on his advice.

At the close of the testimony, the court sustained a motion to nonsuit, and the plaintiff appealed.

If the testimony of the plaintiff is sufficient to sustain the allegation of false and fraudulent representations, within the principles stated by this Court in *Caldwell v. Insurance Co.,* 140 N. C., 100; *Sykes v. Insurance Co.,* 148 N. C., 18; *Stroud v. Insurance Co.,* 148 N. C., 54, and *Whitehurst v. Insurance Co.,* 149 N. C., 273, he admitted that he did not believe the agent who made them, and, therefore, he neither relied upon them nor was induced by them to accept the policy and pay the premiums. While he can read and write, and we must assume is a person of ordinary intelligence, he did not read his policy when it was sent to him (*Floars v. Insurance Co.,* 144 N. C., 242), nor was its language, as well as we can gather from the record what it is, calculated to mislead him. He has not presented a case for reformation of the policy, nor does he seek that equitable remedy. *Floars v. Insurance Co., supra.* When we consider his testimony in the most favorable light for him, we find that he has not sustained the allegation of fraud. In *Whitehurst v. Insurance Co., supra,* we held that the false representation must have induced the plaintiff to accept the policy and to part with his money by the payment of premiums, before he can recover the amount thus paid, with interest. If he fails in this respect, no actionable fraud is shown. The plaintiff did not believe the agent and, therefore, could not have been induced by his alleged representations to take the policy and pay the premiums. He

was advised by his attorney and acted upon what he said. We do not mean to imply that the plaintiff might recover, under the circumstances of this case, if he had relied on the statements of the agent. It is not necessary to consider that question.

No error.