HENRY NEWELL v. C. B. BARLEY.

(Filed 24 November, 1920.)

**1. Courts—Jurisdiction—Justices' Courts—Contract—Breach—Torts.**

Rev., 1419, passed in conformity with our State Constitution, Art. IV, sec. 27, confers jurisdiction on the justice's court over an action to recover unliquidated damages for breach of contract when the principal sum demanded does not exceed two hundred dollars; and such is not disturbed by elements of false warranty and deceit being also involved, on the ground that over an action sounding in tort such jurisdiction is limited to a recovery of not exceeding fifty dollars.

**2. Same—Summons—Amount Involved.**

The amount demanded in the summons controls the jurisdiction in an action upon contract in a justice's court, and, when the debt is claimed in a larger sum, the creditor may remit the excess, over two hundred dollars, in which event the jurisdiction as to the amount involved will be upheld.

CIVIL ACTION, tried on appeal from a justice's court before *Lane, J.,* and a jury, at May Term, 1920, of MECKLENBURG.

The action is to recover the sum of $200 for breach of contract of an alleged express warranty in sale of mule by defendant to plaintiff. The summons returnable to the justice stated $200 as the sum demanded for the alleged breach of contract. On denial of liability there was judgment of $200 damages in the justice's court, and on the trial in the Superior Court, the jury rendered the following verdict:

"1. Did the defendant guarantee the mule described in the complaint to be sound and all right; that he would make good any loss to the plaintiff by reason of any defect in the mule? Answer: 'Yes.'

"2. Did the defendant fail to carry out the terms of said agreement? Answer: 'Yes.'

"3. What damage, if any, is plaintiff entitled to recover? Answer: '$200.' "

Judgment on the verdict for plaintiff, and the defendant excepted and appealed, assigning for error that the justice had no jurisdiction of the action.

*T. L. Kirkpatrick and W. L. Marshall for plaintiff.*
*J. D. McCall for defendant.*

HOKE, J. Our Constitution, Art. IV, sec. 27, in express terms confers upon justices of the peace jurisdiction, "under such regulations as the General Assembly shall prescribe," of civil action founded on contract, "wherein the sum demanded shall not exceed $200," etc. The statutes applicable, Rev., 1419, *et seq.,* establish the regulations for the trial of

such actions before a justice and others specified in the constitutional provision. In construing these regulations, our Court has uniformly held that in action for breach of contract involving a claim for unliquidated damages, the jurisdiction and the amount demanded is determined as stated by the sum named on the summons. And in other cases, though the sum demanded or really involved in the issue should be in excess of $200, the justice's jurisdiction may be upheld when a remitter has been entered in apt time, as provided in Rev., 1421. *Teal v. Templeton,* 149 N. C., 32, and cases cited.

The objection insisted on for defendant that this is an action for deceit and false warranty, constituting a tort, and which the jurisdictional amount for a justice's court is restricted by the Constitution to $50, cannot be sustained. A perusal of the record showing that the suit is for breach of an express contract of warranty, instituted and maintained throughout as such by plaintiff, in which the amount demanded in the summons is $200. And though the elements of false warranty and deceit are also presented, this would not interfere with the prosecution of the present action, where the facts show that suit for breach of contract is maintainable. *Stroud v. Ins. Co.,* 148 N. C., 54; *Manning v. Fountain,* 147 N. C., 18; *Parker v. Express Co.,* 132 N. C., 128.

We find no error in the record, and the judgment for the plaintiff is affirmed.

No error.