R. H. MITCHELL ET UX. v. J. W. MOORE ET UX.

(Filed 12 October, 1927.)

1. **Vendor and Purchaser—Misrepresentation as to Amount of Purchase Price—Justice of the Peace—Jurisdiction of Court—Courts.**

Where the purchaser of lands assumes an existing mortgage debt thereon and partly pays the difference and assumes the balance of the purchase price, he may recover in his action by the seller in the jurisdic-tion of the justice of the peace, the sum of $86, the difference between the actual amount of the existing mortgage indebtedness and the amount it was represented to be as an unjust enrichment of the seller, and the defense that the mortgage was a matter of record giving constructive notice of the amount due is not tenable.

2. **Same—Equity—Reformation of Instruments—Supreme Courts — Ap-peal and Error.**

Where the seller has misrepresented the amount of money due on a mortgage existing on the lands sold to the loss of the purchaser, and the difference falls within the jurisdiction of the justice of the peace, the equitable doctrine of reforming a written instrument has no application, and where the purchaser has brought his action in the court of a justice of the peace, the defense on appeal to the latter court that it could acquire no derivative jurisdiction is untenable. The distinction between the jurisdiction of the court in declaring an equity and enforcing a money demand which equitably belongs to a party, distinguished.

APPEAL by defendants from *Devin, J.,* at second May Term, 1927, of WAKE. No error.

*Thos. W. Ruffin for plaintiffs.*
*J. C. Little for defendants.*

ADAMS, J. This was a civil action heard on an appeal taken by the defendants from the judgment of a justice of the peace. In December, 1923, the plaintiffs purchased from the defendants a house and lot and agreed to pay therefor the sum of $5,500. They paid $500, assumed a first mortgage indebtedness represented by the defendants to be $2,846.94 due the Acacia Mutual Life Association, and secured the remainder by the execution of a second mortgage. The amount originally due the Life Association was $3,000, and the defendants told the plaintiffs they had paid thereon $153.06, thereby reducing the indebtedness to $2,846.94. The plaintiffs alleged that they had afterwards learned that in the payment of $153.06 was included the sum of $88, which was interest on the debt and not a part of the principal which they had agreed to pay. The object of the action is to recover this sum as an overcharge or a sum in excess of the agreed price. Under instructions, to which there was no exception, the jury returned a verdict finding that the plaintiffs were entitled to a credit of $86.00 as a charge in excess of the sum due on the first mortgage. There was a motion for nonsuit on the ground that the mortgage was a matter of record, and that all the facts were known to the plaintiff when the trade was made. The motion was denied.

One of the sources of obligations created by *quasi*-contracts is the receipt of a benefit, the retention of which, without compensation, would constitute "unjust enrichment," illustrated by money paid under a mistake of fact. Woodward, *Quasi*-Contracts, sec. 1. If the defendants were not entitled to the alleged overcharge, a fact made certain by the verdict, they had no right to retain it. The principle as stated by Greenleaf is quoted in *Bahnsen v. Clemmons,* 79 N. C., 556: "When the defendant is proved to have in his hands the money of the plaintiff, which *ex equo et bono* he ought to refund, the law conclusively presumes that he has promised to do so, and the jury are bound to find accordingly; and after verdict the promise is presumed to have been actually proved."

The appellants interposed a demurrer on the ground that a justice of the peace had no jurisdiction of the action and that as the jurisdiction of the Superior Court was derivative, none was acquired by the appeal. The action was brought, not to correct or reform the note, but to recover money which otherwise would go to the "unjust enrichment" of the defendants. This will appear by reference to the justice's summons which, in the absence of a more formal pleading, may be regarded as a substitute for the complaint. *Allen v. Jackson,* 86 N. C., 321; *Cromer v. Marsha,* 122 N. C., 563; *Parker v. Express Co.,* 132 N. C., 128. For this reason we need not advert to decisions dealing with the

question whether a justice of the peace in any event can administer equitable relief. There is a distinction, however, between declaring an equity and enforcing the collection of money which equitably belongs to a party. *Fidelity Co. v. Grocery Co.*, 147 N. C., 510; *Stroud v. Ins. Co.*, 148 N. C., 54.

No error.